UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**BRANDON E. WALKER**                                                    **CIVIL ACTION**

**VERSUS**                                                                         **NO: 19-338**

**SUNLAND CONSTRUCTION, INC.**                                **SECTION: T**
**and COLONIAL PIPELINE COMPANY**

## ORDER

Before the Court is a Motion for Summary Judgment[1] filed by defendants, Sunland Construction, Inc. ("Sunland") and Liberty Insurance Corporation of Schaumburg, Illinois ("Liberty"). Brandon E. Walker ("Plaintiff") has filed an opposition.[2] For the following reasons, the Motion for Summary Judgment[3] is **GRANTED.**

## BACKGROUND

Plaintiff's complaints assert claims against Sunland and its liability insurer, Liberty, for negligence under the Jones Act, unseaworthiness, and maintenance and cure.[4] Plaintiff alleges he was employed by Sunland on November 27, 2018 as a Jones Act Seaman when he experienced an accident which resulted in serious painful injuries to his right shoulder, back and other parts of his body. Plaintiff was hired by Sunland on August 20, 2018, to work as a welder on Project Cochon. Beginning on November 6, 2018, Plaintiff was assigned as a member of the barge BH-101 in the waters of Lake Borgne. Plaintiff slept ashore in a trailer on the night of November 26, 2018. On November 27, 2018, Plaintiff traveled to the barge BH-300 which was anchored in Hopedale,

---

[1] R. Doc. 53.
[2] R. Doc. 57.
[3] R. Doc. 53.
[4] R. Docs. 1 and 26.

1

Louisiana. Plaintiff was then transported by crew boat from the barge BH-300 to the barge BH-101 which was located in the waters of the Mississippi River Gulf Outlet ("MRGO").

Plaintiff arrived on the barge BH-101 and met with other personnel for further orders regarding the specific welding work they would be tasked to perform that day. Plaintiff was later instructed to take a crew boat, M/V MR ROBIE, from the barge BH-101 to Sunland's hoist barge, which was also located in the waters of the MRGO. Plaintiff loaded his equipment onto the hoist barge and was responsible for installing the beveling machine onto the pipeline and removing the pig launcher from the pipeline. Plaintiff moved from the hoist barge to a small pontoon located at the bow of the hoist barge. At the time of the accident, Plaintiff was standing on the small work pontoon when a Jon boat approached close to the pontoon. Plaintiff put his foot out to stop the Jon boat from colliding with the pontoon causing Plaintiff to fall overboard.

Plaintiff's first day of paid employment was August 21, 2018, and his last day of work as a welder on the barge BH-300 was October 6, 2018. Plaintiff's last day of work as a welder in the field was the day of his accident, November 27, 2018. Between August 21 and November 27, 2018, Plaintiff was paid for 75 days of work. From October 6, 2018 through the date of his accident on November 27, Plaintiff was assigned to weld either on land, on Sunland's hoist barge, or on a work pontoon either in the excavated pipe ditch or inside the rock breakwater at the Lake Borgne shoreline.

Sunland and Liberty have now moved for summary judgment contending that Plaintiff was not a seaman at the time of his accident, and his claims asserted against Sunland and Liberty are precluded by workers' compensation laws. Sunland and Liberty claim that prior to Plaintiff's accident, Plaintiff's assignment had changed permanently to welding either on land or on small pontoons positioned at the shoreline or in a non-navigable pipe ditch excavated by Sunland.

Therefore, Sunland and Liberty assert they are entitled to judgment as a matter of law dismissing Plaintiff's claims against them.

## **LAW AND ANALYSIS**

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[5] When assessing whether a dispute as to any material fact exists, the court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence."[6] All reasonable inferences are drawn in favor of the nonmoving party, but "unsupported allegations or affidavits setting forth 'ultimate or conclusory facts and conclusions of law' are insufficient to either support or defeat a motion for summary judgment."[7]

Only a seaman may pursue causes of action for negligence under the Jones Act, 46 U.S.C. § 30104, and for unseaworthiness, maintenance, and cure under general maritime law.[8] The Supreme Court and Fifth Circuit have adopted a two-factor test to determine whether a worker is a Jones Act seaman. First, the "worker's duties must contribute to the function of the vessel or to the accomplishment of its mission."[9] Second, the "worker must have a connection to a vessel in navigation (or an identifiable group of vessels) that is substantial in terms of both its duration and its nature."[10] At trial, "[a]n injured person claiming the benefits of the Jones Act has the burden of establishing seaman status."[11]

---

[5] Fed. R. Civ. P. 56(a).
[6] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co*., 530 F.3d 395, 398–99 (5th Cir. 2008).
[7] *Galindo v. Precision Am. Corp*., 754 F.2d 1212, 1216 (5th Cir. 1985); *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994).
[8] *Chandris, Inc. v. Latsis*, 515 U. S. 347, 354 (1995).
[9] *Chandris*, 515 U.S. at 376.
[10] *Id.*
[11] *See Barrett v. Chevron U.S.A., Inc*., 752 F.2d 129, 132 (5th Cir. 1985).

Sunland and Liberty contend that Plaintiff fails to satisfy the second prong of the test – a substantial connection to a vessel in navigation. From August 21 through October 6, Plaintiff was assigned to work as a welder on the three-barge BH-300 Lay Spread, which consisted of the BH-300 pipelay barge, the BH-104 deck barge, and the KS-4605 spud barge. Plaintiff's assignment to work on the BH-300 Lay Spread ended permanently on October 6. From October 6 through November 27, Plaintiff's welding assignments were located on marsh land at the Highway 46 location, on a Sunland's hoist barge, or on a work pontoon positioned at the shoreline or in the excavated pipe ditch. Because the majority of Plaintiff's work was done on land, and the remaining work was not done on a vessel in navigation, the Court finds that the summary judgment evidence shows that Plaintiff cannot establish a substantial connection to a vessel in navigation. Therefore, Plaintiff fails to establish seaman status at the time of his accident under the Jones Act, 46 U.S.C. § 30104, and Sunland and Liberty are entitled to judgment dismissing Plaintiff's claims.

## CONCLUSION

Accordingly, for the foregoing reasons, **IT IS ORDERED** that the Motion for Summary Judgment[12] is **GRANTED.**

**New Orleans, Louisiana**, on this 13th day of October, 2020.

*[signature]*
**GREG GERARD GUIDRY**
**UNITED STATES DISTRICT JUDGE**

---

[12] R. Doc. 53.